IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

          **Plaintiff,**

**v.**                    //    CIVIL ACTION NO. 1:12CV154
                                     (Judge Keeley)

**LANNIE F. WARNICK,**

          **Defendant.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 25],
   GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
    [DKT. NO. 21], AND AWARDING JUDGMENT TO PLAINTIFF**

Pending before the Court are the motion for summary judgment or, in the alternative, judgment on the pleadings (dkt. no. 21) filed by the plaintiff, the United States of America (the "United States"), and the report and recommendation ("R&R") (dkt. no. 25) entered by the Honorable John S. Kaull, United States Magistrate Judge, on December 3, 2013, recommending that the Court grant the United States' motion. For the reasons that follow, the Court **ADOPTS** the R&R in its entirety, **GRANTS** the United States' motion, and **AWARDS** judgment to the United States.

On September 27, 2012, the United States filed a complaint in this Court demanding judgment against the defendant, Lannie F. Warnick ("Warnick"), for an amount allegedly owed to the United States by Warnick as a result of her failure to comply with the terms of a scholarship award. The United States alleges that, on September 30, 1993, Warnick was awarded a scholarship through the National Health Services Corps ("NHCS") in the amount of

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 25],
GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
[DKT. NO. 21], AND AWARDING JUDGMENT TO PLAINTIFF**

$62,664.00.  The scholarship was to cover tuition, fees, stipends, and other reasonable educational expenses for four years from 1993 to 1997.

At the time she received the scholarship, Warnick was enrolled in a physician assistant program at Alderson-Broaddus College in Philippi, West Virginia.  The terms of the scholarship required Warnick to serve four years in the full time clinical practice of her profession in the regular or reserve corps of the United States Public Health Service or as a civilian member of the NHCS.

On January 14, 1996, Warnick advised the NHCS program office that she had been dismissed from the Alderson-Broaddus physician assistant program.  The NHCS informed her that failure to re-enroll in a comparable program within one year would violate the terms of her scholarship.  Warnick did not re-enroll, and, on August 25, 1997, the NHCS informed her that she was in default of the terms of the scholarship and that interest would be assessed if payment in full was not made within three years.

Several attempts by the United States to craft a viable repayment plan, and Warnick's consistent failure to comply with the terms of repayment, culminated in this complaint.  On November 7, 2012, Warnick, appearing pro se, filed an answer in the form of a

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 25],
GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
[DKT. NO. 21], AND AWARDING JUDGMENT TO PLAINTIFF**

letter advising the NHCS that she was unable to pay her debt. The Court referred the case to Magistrate Judge Kaull.

On September 26, 2013, the United States filed a motion for summary judgment or, in the alternative, judgment on the pleadings, to which Warnick did not respond. On December 3, 2013, Magistrate Judge Kaull entered an R&R in which he found no material facts in dispute and recommended granting the United States' motion and awarding judgment in the sum of the following:

- $84,136.09;
- Pre-judgment interest at the rate of 13.75% per annum on the principal amount of $62,664.00 that has accrued and will continue to accrue from and after September 17, 2012 through the date of judgment;
- Post-judgment interest pursuant to 28 U.S.C. § 1961(a) at the legal rate until paid in full; and
- All costs incurred by the United States.

Warnick did not object to the R&R, and the Court finds no clear error in Magistrate Judge Kaull's findings and recommendation. See Phillips v. Haynes, 5:06CV20, 2006 WL 1303103, *1 (N.D.W. Va., May 10, 2006) ("As to those portions of a recommendation to which no objection is made, a magistrate judge's

3

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 25], GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 21], AND AWARDING JUDGMENT TO PLAINTIFF**

findings and recommendation will be upheld unless they are 'clearly erroneous.'"). Moreover, the facts alleged in the United States complaint are undisputed. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (placing the burden on the non-moving party to "establish the existence of an element essential to that party's case" to rebut the moving party's showing that no genuine factual dispute exists); see also Fed. R. Civ. P. 56(e)(2). According to the Certificate of Indebtedness (dkt. no. 2-2), as of September 17, 2012, Warnick owed a principal amount of $62,664.00 plus $21,472.09 in interest. Since then, interest has accrued on the principal at 13.75% per annum.

For these reasons, the Court **ADOPTS** the R&R, **GRANTS** the United States' motion for summary judgment, and **AWARDS** the United States the sum of the following:

- $84,136.09;
- Pre-judgment interest at the rate of 13.75% per annum on the principal amount of $62,664.00 that has accrued and will continue to accrue from and after September 17, 2012 through the date of judgment;
- Post-judgment interest pursuant to 28 U.S.C. § 1961(a) at the legal rate until paid in full; and

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 25], GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 21], AND AWARDING JUDGMENT TO PLAINTIFF**

- All costs incurred by the United States.

It is so **ORDERED.**

The Court directs the Clerk to enter a separate judgment order and to transmit copies of this order to counsel of record and the pro se defendant, return receipt requested.

DATED: April 3, 2014.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE